UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CHRISTOPHER J. GOODWIN**                                                       **PLAINTIFF**

v.                                              **CIVIL ACTION NO. 1:23-CV-P59-JHM**

**LOGAN COUNTY DETENTION CENTER.** *et al.*                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss the complaint but allow Plaintiff the opportunity to file an amended complaint.

### I.

Plaintiff was formerly incarcerated as a convicted prisoner at Logan County Detention Center (LCDC). He names as Defendants LCDC, Captain Frank Sankar, and Chief Gary Martin. Plaintiff sues Defendants Sankar and Martin in their official capacities only.

In the "Statement of Claim(s)" section of the complaint, Plaintiff writes *in toto*:

> Here are attached copies of all incidents surrounding my clame to the statements that need to be spoken about in court. Also here are some names of officers employed by the same facility who will support my clam of excessive force and abuse of power, Officer Haley Belen, Officer Willison, Lieutenant Reno -Vato, and Captain Dye that viewed the marks left by Captain Frank Sankar after the assault. Also the detention center incidents are all survived by closed circuit TV. As stated in my grievance and grievance response by Chief Gary Martin. Also the nurse Mrs. Tina will also state I had no marks previous to the assault by Captain Frank Sankar. I'm still having pain in my neck to date due to the assault by Officer Frank Sankar.

As relief for these alleged violations of his rights, Plaintiff seeks damages.

Attached to the complaint are twenty-three (23) pages of grievances filed by Plaintiff and grievance responses, only a few of which seem to pertain to the above allegations.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

The Court first observes that LCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Logan County is the proper Defendant. *See Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Plaintiff's official-capacity claims against Defendants Sankar and Martin are also actually claims against Logan County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

A municipality such as Logan County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom of the municipality and the alleged constitutional deprivation. *Monell,* 436 U.S. at 691 (1978); *Deaton v. Montgomery Cnty.*, Ohio, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the municipality under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that any constitutional violation occurred pursuant to a policy or custom of Logan County. Thus, the Court finds that the complaint is subject to dismissal for failure to state a claim upon which relief may be granted. Nonetheless, prior to dismissing this action, the Court will provide Plaintiff an opportunity to file an amended complaint

in which he sues Defendants Sankar and Martin in their individual capacities and makes specific allegations against each. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

The Court instructs Plaintiff that, if he chooses to file an amended complaint, it should set forth all of Plaintiff's allegations against Defendants Sankar and Martin which support Plaintiff's claims against them. Plaintiff may not rely on the voluminous attachments he filed with the complaint to state a claim for him. *See Primm v. Tenn. Dep't of Human Servs.*, No. 16-6837, 2017 U.S. App. LEXIS 15779, at *8 (6th Cir. Aug. 17, 2017) ("And we note that the district court was not required to sift through Primm's complaint and numerous attachments to look for evidence that she had a disability.") (citing *Clark* 518 F.2d at 1169) (stating that neither an appellate court nor a district court has a duty "to create a claim which the [party] has not spelled out in [his] pleading"); *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012) (noting that "it is not within the purview of the district court to conjure up claims never presented").

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claim against LCDC and his official-capacity claims against Defendants Sankar and Martin are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court** is **DIRECTED** to **terminate LCDC as a party in this action.**

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Order, Plaintiff may file an amended complaint in which he **1) sues Defendants Sankar and Martin in their individual capacities; 2) describes in detail the actions taken by Defendants Sankar and**

4

**Martin that Plaintiff believes violated his constitutional rights; and 3) completes summons forms for Defendants Sankar and Martin.**[1]

The **Clerk of Court** is further **DIRECTED** to place the instant case number and the word "Amended" on a § 1983 complaint form and send it to Plaintiff, along with two blank summons forms, for his use should he decide to file an amended complaint.

If Plaintiff files an amended complaint within thirty (30) days, the Court will review it under § 1915A. If Plaintiff fails to timely file an amended complaint, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

Date: July 7, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.011

---

[1] Regarding the completion of the summons forms, Plaintiff must: (1) prepare a summons each Defendant; (2) write or type the Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the Defendants.